UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14125-CIV-CANNON/McCabe

CAMERON HOLMES,

    Plaintiff,
v.

SERGEANT MARTINS,

    Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION [ECF No. 51]

**THIS CAUSE** comes before the Court upon the Report and Recommendation ("Report") issued by Magistrate Judge Ryon M. McCabe on January 3, 2024 [ECF No. 51]. On September 28, 2023, Defendant Martens[1] filed a Motion for Summary Judgment ("Motion") [ECF No. 30]. Following referral, Judge McCabe thereafter issued the instant Report, recommending that the Motion be granted [ECF No. 51]. Plaintiff did not file objections to the Report or request an extension of time to do so.[2] Upon review, the Court **ACCEPTS** the Report [ECF No. 30] and **GRANTS** Defendant's Motion for Summary Judgment [ECF No. 30].

### LEGAL STANDARDS

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which

---

[1] Defendant states that her correct name is Sara Infuso-Martens [ECF No. 30 p. 1].

[2] Plaintiff's objections were due on or before January 17, 2024 [ECF No. 51 p. 10].

no specific objections are made are reviewed only for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

## DISCUSSION

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quotation omitted). Qualified immunity applies only to state actors in the performance of their official "discretionary functions." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1263-64 (11th Cir. 2004). Here, Plaintiff does not dispute the Report's conclusion that Defendant was engaged in a discretionary function [ECF No. 51 p. 7 (citing ECF No. 1 pp. 5–7)]. This conclusion is not erroneous. *Arn*, 474 U.S. at 150.

Once a Court finds a discretionary function, the burden shifts to the plaintiff to demonstrate that qualified immunity does not apply. *Harland*, 370 F.3d at 1263–64. To meet this burden, Plaintiff must satisfy a two-step test: (1) he must show that Defendant committed a constitutional violation, and (2) he must show the constitutional right at issue was "clearly established" at the time of the violation. *Id.* To satisfy the second step, "the defendant must have fair notice of his conduct's unconstitutionality, which derives from one of the following sources: (1) the obvious clarity of constitutional or statutory language; (2) broad holdings or statements of principle in case law that are not tied to particularized facts; or (3) fact-specific judicial precedents that are not fairly distinguishable." *Eloy v. Guillot*, 289 F. App'x 339, 346 (11th Cir. 2008) (citing *Wilson*, 311 F.3d at 1350–52). Here, Plaintiff does not dispute the Report's conclusion that Plaintiff fails to show that Defendant committed a "clearly established" violation of his Eighth Amendment rights

CASE NO. 22-14125-CIV-CANNON/MCCABE

[ECF No. 51 p. 8]. Defendant played no role and made no recommendations regarding the decision to release Plaintiff into general population [ECF No. 29 p. 3]. Inmate Kelly knew of Plaintiff's gang affiliation independently of Defendant's alleged remarks to other inmates [ECF No. 29-1 pp. 66, 92]. The Report's conclusion that "Plaintiff has not shown 'clearly established' violations of constitutional law" is not erroneous. *Arn*, 474 U.S. at 150.

Therefore, after conducting a review of the Report and the record, the Court agrees with Magistrate Judge McCabe's recommendation to grant Defendant Martens' Motion for Summary Judgment.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

(1) Magistrate Judge McCabe's Report [ECF No. 51] is **ACCEPTED**.

(2) Defendant's Motion for Summary Judgment [ECF No. 30] is **GRANTED**.

(3) Final Judgment to issue by separate order.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 31st day of January 2024.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: **Counsel of record**

**Cameron A. Holmes**
J41899
Charlotte Correctional Institution
Inmate Mail/Parcels
33123 Oil Well Road
Punta Gorda, Florida 33955
PRO SE